# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 18-3099-01-CR-S-RK |
| **CRYSTAL L. BURDETTE**<br>a.k.a.<br>**CRYSTAL L. WILLIAMS**, | |
| Defendant. | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of attempted possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); and
2. The defendant poses a risk to the safety of others in the community.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the

attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with attempted possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime for which a term of not less than 10 years' imprisonment is required and not more than life imprisonment is possible.

The Government further submits that in light of the indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(A). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure her appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

To further support the Government's contention that the defendant is a risk to the safety of the community, the Government offers that:

In December of 2015, a package containing approximately two pounds of methamphetamine was received and opened by the owner at a business next to a business with which the defendant was involved. The defendant attempted to claim the package, but left quickly when she was advised that the other business owner had called the police.

In April of 2016, the Springfield, Missouri, Police Department executed a warrant on a residence where they seized approximately one-half pound of methamphetamine. The resident of the home reported he or she had received the methamphetamine from the defendant.

On June 6, 2016, FedEx intercepted a package that contained $34,920 in U.S. currency and approximately a pound of cocaine. The return address on the package was the defendant's, though the package had been sent by someone else.

The defendant has past convictions for possession of marijuana from 2011 and possession of a controlled substance from 2004. Currently pending, she has charges for delivery of a controlled substance and unlawful use of drug paraphernalia that occurred on July 27, 2017, in Leclede County, Missouri. On August 9, 2018, a motion was filed in Leclede County to revoke

her bond and a warrant was issued requiring that she spend 48 hours in jail.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON<br>
United States Attorney

By    */s/ Josephine L. Stockard*<br>
Josephine L. Stockard<br>
Missouri Bar No. 63956<br>
Assistant United States Attorney<br>
901 St. Louis Street, Suite 500<br>
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on September 26, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Josephine L. Stockard*
Josephine L. Stockard
Assistant United States Attorney